**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Alan Conner, et al., | No. CV-19-01076-PHX-DWL |
| Appellants, | **ORDER** |
| v. | |
| Wilmington Trust NA, | |
| Appellee. | |

Pending before the Court is Debtors/Adversary Plaintiffs/Appellants Kenneth and Deanna Conner (the "Conners") "Motion for Leave to Consider Late-Filed Brief" (Doc. 12), filed on the same day as their Opening Brief (Doc. 11). Also pending is the parties' "Joint Motion to Extend Deadline for Filing Answering Brief and Response to Appellants' Motion for Leave to Consider Late-Filed Brief" (Doc. 13).

On April 5, 2019, the Court ordered that the deadline for the Conners to file their opening brief was April 19, 2019. (Doc. 5.) The Court further ordered that failure to comply with the April 5, 2019 Order could result in "the Court taking action for failure to perfect the appeal, including possible dismissal pursuant to Rule 8020-1 of the Local Rules of Bankruptcy Appeal Procedure." (Doc. 5 at 2.)

On April 10, 2019, the parties filed a joint motion to extend the deadline for filing an opening brief, noting that the Conners' counsel had an "incredibly busy schedule" between April 10 and April 19, 2019, and stipulating to a new deadline of May 3, 2019, which would double the two-week span of time originally ordered by the Court. (Doc. 6

at 2.) The Court granted the motion and extended the deadline to May 3, 2019. (Doc. 7.)

May 3, 2019 came and went without any filing—no opening brief, no motion for an additional extension.

Eleven days later, on May 14, 2019, the Conners filed an Opening Brief (Doc. 11), along with a "Motion for Leave to Consider Late-Filed Brief" (Doc. 12). In the motion, the Conners offered only the explanation that their counsel had been busy with trips and other work. (Doc. 12 at 2.) The Conners' counsel acknowledged that "the proper route would have been to seek an extension prior to May 3"—but did not explain why he failed to do so—and also acknowledged that "the 'good cause' for leave to [file late] may be thin." (*Id.*) The Conners nevertheless asked the Court to "consider both the preference for trial on the merits . . . as well as the lack of any conceivable prejudice to the other parties to this appeal resulting from the delay" and offered to mitigate whatever prejudice might exist. (*Id.*)

On May 24, 2019, the parties filed their "Joint Motion to Extend Deadline for Filing Answering Brief and Response to Appellants' Motion for Leave to Consider Late-Filed Brief" (Doc. 13). The parties jointly request that the Court extend two deadlines to June 11, 2019: the deadline for Appellees to respond to the Conners' "Motion for Leave to Consider Late-Filed Brief," and the deadline for Appellees to respond to the Conners' Opening Brief. (Doc. 13 at 3.)

The Opening Brief (Doc. 11) should not have been filed. Pursuant to LRBankr 8009-1(c)(2), "[a] brief received after the due date will not be accepted for filing unless it is accompanied by a motion for an extension of time *and the motion is granted*." (emphasis added). The "Motion for Leave to Consider Late-Filed Brief" (Doc. 12) is, in essence, a motion for an extension of time, but it has not been granted. Therefore, the Court orders that the Opening Brief (Doc. 11) is struck. *If* the Court grants the motion at Doc. 12, the Conners may file their Opening Brief *after* the motion is granted. As such, to the extent that the parties' joint motion seeks an extension of Appellees' deadline to respond to the Conners' Opening Brief, that request is denied as moot.

The Court will grant the parties' joint motion to the extent that it seeks an extension of Appellees' deadline to respond to the motion for an extension of time. The Court will not rule on the pending "Motion for Leave to Consider Late-Filed Brief" (Doc. 12) until it is fully briefed.

Accordingly,

**IT IS ORDERED** that the Opening Brief (Doc. 11) is struck from the record.

**IT IS FURTHER ORDERED** that the parties' "Joint Motion to Extend Deadline for Filing Answering Brief and Response to Appellants' Motion for Leave to Consider Late-Filed Brief" (Doc. 13) is granted in part and denied as moot in part.

**IT IS FURTHER ORDERED** that to the extent that the parties' joint motion seeks an extension of Appellees' deadline to respond to the Conners' Opening Brief, that request is denied as moot.

**IT IS FURTHER ORDERED** that the deadline for Appellee to respond to Appellants' Motion for Leave to Consider Late-Filed Brief is extended from May 28, 2019 to **June 11, 2019**.

**IT IS FURTHER ORDERED** that the deadline for the Conners to file a reply in support of their Motion for Leave to Consider Late-Filed Brief is **June 18, 2019**.

Dated this 29th day of May, 2019.

Dominic W. Lanza
United States District Judge